UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 19-529 |
| v. | : | OPINION |
| TIM T. MACK, | : | |
| *Defendant.* | : | |

This matter comes before the Court on the *pro se p*etition by Defendant Tim Mack and the supplemental motion filed by Defendant's counsel for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). [Dkt. 26, 27].[1] For the reasons set forth herein, the Court will deny the Petition without prejudice.

I. **Background**

In a January 2, 2019 two-count criminal complaint, Mr. Mack was charged with Robbery (Count I), in violation of 18 U.S.C. § 1951 (a) and Brandishing a Firearm during and in relation to a crime of violence (Count II), in violation of 18 U.S.C. § 924(c)(l)(A)(ii). [Dkt. 1]. Mr. Mack pleaded guilty on July 25, 2019. [Dkt. 19, 20]. On February 3, 2020, Mr. Mack was sentenced to a term of imprisonment for 12 months on Count I and 84 months on Count II, to be served consecutively to produce a term of 96 months imprisonment, with a five-year term of supervised release. [Dkt. 24]. The Court further ordered that Mr. Mack must pay to the United States a special assessment of

---

[1] Mr. Mack filed a *pro se* motion on January 5, 2021 and his counsel filed a supplemental motion seeking the same relief on January 24, 2021. Counsel's motion [Dkt. 27] references the arguments advanced in and the appendix attached to Mr. Mack's *pro se* motion [Dkt. 26].

1

$200. *Id*. In determining the appropriate sentence, the Court considered Mr. Mack's background and criminal history. At the time he filed the present motion, Mr. Mack was serving his term of imprisonment at FCI Danbury; he is presently serving his term at FCI Williamsburg. His projected release date is July 25, 2025.

Mr. Mack seeks a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). *See* Petition. The Petition requests modification of Mr. Mack's sentence based on his medical conditions,[2] which are Asthma and Obesity, as well as the high presence of the Covid-19 virus at FCI Danbury. Mr. Mack also argues that the inadequate conditions at FCI Danbury impact his ability to manage his living conditions to practice social distancing in the way that he could if he was released to home detention. He also submits a clearly detailed home confinement plan. *See* Petition.

The record reflects that Mr. Mack sought and was denied administrative relief prior to filing the Petition. *Id.*

## II.     Legal Standard

A federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case meets one of the limited exceptions under the First Step Act ("the Act"). Pursuant to the Act, a court may modify an imposed term of imprisonment—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

---

[2] Mr. Mack submits that he takes the medications Symbicort and Albuterol to manage his asthma. In support of his argument regarding his obesity, he states that he has a Body Mass Index score of "over 30."

2

>from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing Commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part that after considering applicable factors set forth in 18 U.S.C. § 3553(a), "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, a defendant's medical condition may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or the defendant is:

3

> (C) suffering from a serious physical or medical condition,
>
> (D) suffering from a serious functional or cognitive impairment, or
>
> (E) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* Additional circumstances that may qualify include the age of the defendant, family circumstances, and other reasons. *Id.*

### III. Discussion

Mr. Mack seeks compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), alleging that the threat of the COVID-19 virus and his asthma and obesity make him particularly vulnerable to illness, particularly COVID-19 and constitute extraordinary and compelling reasons for his release to home confinement. To grant Defendant's request for early release, the Court must first find that Defendant's health or medical conditions present an extraordinary and compelling reason for reducing Defendant's sentence considering the COVID-19 pandemic. *See United States v. Hynes*, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020). Courts look to those conditions that the CDC has identified as "high-risk" factors to make this determination. *See, e.g., United States v. Catanzarite*, No. CR 18-0362 (ES), 2020 WL 2786927, at *4 (D.N.J. May 29, 2020).

Defendant argues that, given his vulnerabilities caused by asthma and obesity, as well as the threat of the COVID-19 virus and the inadequate conditions at FCI Danbury constitute an extraordinary and compelling reasons for reducing his sentence. Defendant's medical records confirm that he has had COVID-19 and received the vaccine but is does not appear that he has ever been hospitalized due to his medical

4

issues or his bought with the COVID-19 virus.  The CDC has identified several of Mr. Johnson's medical issues as conditions that "can make" an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions, CDC*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023).  Given Mr. Mack's asthma and obesity, the Court assumes that he was and continues to remain vulnerable to the Covid-19 virus and new COVID-19 variants which puts him at a greater risk of severe illness if he contracted the virus.[3]

Even considering Mr. Mack's heightened risk, the elevated presence of the virus, the unavailability of personal protective equipment, and the limited ability to practice social distancing during his time of incarceration at FCI Danbury, the Court finds that these circumstances are not extraordinary and compelling to warrant compassionate release.  In addition, the COVID-19 pandemic does not currently present an extraordinary threat to Defendant or other inmates at FCI Danbury, or FCI Williamsburg, where Mr. Mack is currently housed.  While the COVID-19 virus infected a shocking number of inmates at certain BOP facilities, available information suggests that the situation has improved considerably. *See Fed. Bureau of Prisons, Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated April 24, 2024).

In addition, a significant portion of the incarcerated population has been vaccinated, reducing the potential for widespread risk, and, in particular, reducing the

---

[3] The Warden at FCI Danbury also reached this conclusion and acknowledged Mr. Mack's susceptibility to severe illness should he contract the virus.  Pet. Ex. A-1.  The Warden stated that despite his asthma and obesity, "Your medical needs are currently being well managed by FCI Danbury." *Id.*

risk that Defendant will contract COVID-19. *See Ctrs. for Disease Control and Prevention, COVID-19: COVID-19 Vaccine Effectiveness*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated March 7, 2024).

The BOP's efforts to vaccinate inmates against COVID-19 suggest that Defendant will have the opportunity to receive a vaccine booster if he has not done so already. *See United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (denying compassionate release to defendant with obesity and asthma housed at FCI Fort Dix because "his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."). While Defendant is surely still at risk of contracting COVID-19, the improved conditions at all BOP facilities do not present extraordinary and compelling reasons for his early release. *See United States v. Del Rosario Martinez*, No. 19 CR5218-MMA, 2021 WL 956158, at *4 (S.D. Cal. Mar. 10, 2021) (finding no extraordinary or compelling reasons for early release for defendant with two high-risk health conditions because "[d]efendant is housed at an institution where the spread of the virus is currently minimal to virtually nonexistent.").

Even if Defendant's medical condition and the circumstances at FCI Danbury, and now FCI Williamsburg, presented extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release." *United States v. Adams*, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020)).

In this case, the § 3553(a) factors weigh against granting Defendant's request. First, the nature of Mr. Mack's conviction includes the armed robbery of a convenience

6

store where Defendant pointed the firearm at the store clerk. At sentencing, Defendant fell into criminal history category I. Pursuant to the United States Sentencing Guidelines, Mr. Mack's total offense level was a 17. That, coupled with his criminal history category of I, projected a range of 108-114 months imprisonment.[4]

The Court imposed a custodial sentence of 96 months, reflecting a term of 12 months as to Count 1 and the minimum sentence of 84 months as to Count 2, to be served consecutively. Mr. Mack was also sentenced to a 5-year term of supervised release and ordered to pay restitution and a special assessment.

Mr. Mack is scheduled to be released from custody in July 2025. Mr. Mack received a considerable reduction of his sentence; his sentencing exposure dictated a Guideline Range of 108-114 month of imprisonment. Mr. Mack saw a year and a half reduction from the high end of that Guideline Range reflected in his sentence because of the Court's consideration of other § 3553(a) factors. On this record, further reducing Defendant's sentence would not adequately reflect his criminal history, promote respect for the law, or deter criminal conduct. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding that a district court may deny compassionate release where granting a defendant's request would require a "substantial sentencing reduction" and conflict with § 3553(a) factors). Thus, the § 3553(a) factors confirm that Defendant is not entitled to early release currently.

## IV.   Conclusion

---

[4] Mr. Mack's projected sentencing range as to Count 1 was 24-30 months imprisonment. Count 2 of the information, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) for Brandishing a Firearm During and In Relation to a Robbery carried a mandatory minimum of a 7-year sentence to run consecutive to the sentence on Count 1.

For the reasons set forth herein, the Court will deny Mr. Mack's Petition for a reduction of sentence under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i). An appropriate order will follow.

Dated: April 25, 2024

*Joseph H. Rodriguez*
Hon. Joseph H. Rodriguez, U.S.D.J.